UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZEN-NOH AMERICA HOLDINGS CORP.            CIVIL ACTION

VERSUS                                    NO: 25-1633

CERTAIN UNDERWRITERS AT                   SECTION: "J"(2)
LLOYD'S OF LONDON

## ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 23)** filed by Plaintiff Zen-Noh American Holdings Corp. ("ZAH"). Defendant Certain Underwriters at Lloyd's of London ("Underwriters") opposes the motion (Rec. Doc. 31). ZAH has filed its reply. (Rec. Doc. 35). Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that ZAH's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case concerns an insurance contract dispute. ZAH is an international exporter of goods. ZAH sold a cargo of soybean meal to a buyer, who elected to have it shipped from Argentina to Lebanon. The buyer arranged transportation for the cargo on the vessel M/V Brilliance ('the Vessel") with registered owner Brilliance Maritime Ventures S.A. ("BMV"). ZAH screened the Vessel and BMV for potential sanctions and approved the transportation. The cargo was loaded on the Vessel, but it never arrived in Lebanon. Instead, the Vessel deviated to Syria, and the cargo was

1

never recovered. Because the buyer failed to pay the outstanding balance, ZAH retains ownership of the cargo.

ZAH reported the cargo loss to its insurer, Underwriters. The policy between the parties provides coverage for all cargo lost during transit. Importantly, however, the policy also includes a "Sanction Limitation and Exclusion Clause." (Rec. Doc. 23-7, at 18). The clause excludes coverage if the Underwriters' payment to ZAH for the lost cargo would expose Underwriters to "any sanction, prohibition, or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America." *Id.*

The Office of Foreign Assets Control ("OFAC") is a financial intelligence and enforcement agency that operates under the United States Treasury Department. Office of Foreign Assets Control, U.S. Dep't of the Treasury, *Mission*, ofac.treasury.gov (last visited on Jul. 10, 2026). Its primary mission is to administer and enforce economic and trade sanctions to support U.S. national security and foreign policy goals. *Id.* To further that mission, OFAC maintains a Specially Designated Nationals List ("SDN List"). The SDN List also includes a subset for Specially Designated Global Terrorists ("SDGTs"). U.S. persons and companies are prohibited from engaging in any transactions with such terrorists or their property, either directly or indirectly. Consequently, U.S. exporters screen persons and business entities involved in prospective transactions.

2

When ZAH originally screened the Vessel and BMV, neither were on the SDN List. However, when ZAH made the claim to Underwriters, both Underwriters and ZAH received information that Underwriters believes suggests that the Vessel is ultimately owned by Abdul Jalil Mallah.  (Rec. Doc. 31-10, at 7). Mr. Mallah is a Hizballah-affiliated Syrian businessman whom OFAC identified as a SDGT before the underlying cargo's sale and transportation. Office of Foreign Assets Control, U.S. Dep't of the Treasury, *Specially Designated Nationals and Blocked Persons List: Abdul Jalil Mallah* (as of Jul. 10, 2026), sanctionssearch.ofac.treasury.gov/Details.aspx?id=32178. After the cargo loss, OFAC also designated the Vessel as blocked property and designated BMV as a SDGT. *Id.* at sanctionssearch.ofac.treas.gov/Details.aspx?id=56933. OFAC also released a statement that the Vessel was part of a fleet managed by Mr. Mallah. Office of Foreign Assets Control, U.S. Dep't of the Treasury, *Treasury Sanctions Operatives Generating Revenue for Hizballah and Exploiting Lebanon's Cash Economy*, Press Release (Feb. 10, 2026) home.treasury.gov/news/press-releases/sb0393.  OFAC further stated:

> As a result of today's action, all property and interests in property of the designated or blocked persons described above that are in the United States or in the possession or control of U.S. persons are blocked and must be reported to OFAC. In addition, any entities that are owned, directly or indirectly, individually or in the aggregate, 50 percent or more by one or more blocked persons are also blocked. Unless authorized by a general or specific license issued by OFAC, or exempt, OFAC's regulations generally prohibit all transactions by U.S. persons or within (or transiting) the United States that involve any property or interests in property of blocked persons.

*Id.* ZAH now asks this Court to examine the facts of this case, U.S. sanctions laws, and the insurance policy and grant summary judgment in its favor. Underwriters asks this Court to stay this matter pending a determination by OFAC as to whether the underlying transaction was prohibited.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (citations omitted). The moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d

at 1075 (citing *Celotex*, 477 U.S. at 325). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Id.* (citations omitted). A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## **DISCUSSION**

The parties do not dispute that ZAH owned the cargo and suffered a loss under the policy. Rather, the disputed issue is whether U.S. sanctions laws prohibit Underwriters from paying ZAH for the loss.

ZAH argues that U.S. sanctions laws indisputably do not preclude payment because: (1) Underwriters have not identified any sanctions law prohibiting payment to ZAH; (2) the subsequent designation of the Vessel and BMV does not retroactively prohibit claim payment; and (3) OFAC FAQ 1200 confirms that payment to a non-blocked insured is permissible.

Underwriters argues that U.S. sanctions law may preclude payment because: (1) Mr. Mallah may own the vessel; and (2) OFAC FAQ 1200 may not apply to this case.

The Court finds that there is a genuine issue of material fact, particularly whether Mr. Mallah was the actual owner of the Vessel at the time that ZAH approved the cargo's transportation. As OFAC makes clear, [u]nless authorized by a general or specific license issued by OFAC, or exempt, OFAC's regulations generally

prohibit all transactions by U.S. persons . . . that **involve any property or interests in property of blocked persons**." *OFAC Press Release* (emphasis added). OFAC defines property as "services of any nature whatsoever, contracts of any nature whatsoever, and any other property, real, personal, or mixed, tangible or intangible, or interest or interests therein, present, future or contingent. 31 C.F.R. § 594.309. (2026). OFAC defines interest as "an interest of any nature whatsoever, **direct or indirect**." *Id.* § 594.306. (emphasis added).  Mr. Mallah is a blocked person. Transportation of cargo on a vessel he owns would involve his property. So, if the Vessel is owned by Mr. Mallah, then ZAH violated U.S. sanctions law by agreeing to transport goods on the Vessel. U.S. sanctions law would thus preclude Underwriters' payment absent a license from OFAC, and Underwriters would not be liable to pay ZAH pursuant to the Sanction Limitation and Exclusion Clause.

Based on the current record, the following evidence supports that Mr. Mallah may have owned the Vessel at the time of the underlying transaction. First, both ZAH and Underwriters received information from independent sources that Abdul Jalil Mallah may be the ultimate beneficial owner of the Vessel. Second, OFAC now identifies the Vessel as blocked property, potentially due to its connection with Mr. Mallah. Third, the Vessel's registered owner is now listed as a SDGT on OFAC's SDN List, also potentially due to its connection with Mr. Mallah. Fourth, the Vessel is now confirmed to be part of a fleet managed by Mr. Mallah. If Mr. Mallah manages the Vessel, it is reasonable to infer that he may ultimately own it. The Court is thus unconvinced that Mr. Mallah has no ownership interest in the Vessel, whether

6

directly or indirectly, and it is unwilling to resolve this disputed issue at the summary judgment stage.

The Court also finds there to be a genuine issue of material fact as to whether OFAC FAQ 1200 applies to this case. ZAH relies on a section from OFAC's published guidance which states:

> [T]he mere fact that a blocked person has caused the loss does not in and of itself create a blocked interest in the policy or any claim or payment under the policy, nor does it constitute a dealing involving the blocked person.

Office of Foreign Assets Control, U.S. Dep't of the Treasury, *Frequently Asked Questions*, *FAQ #1200*, (Nov. 13, 2024), ofac.treasury.gov/faqs/1200. The issue here concerns a blocked person's potential involvement in the underlying transaction, not a blocked person causing the loss. So, the Court is uncertain that FAQ 1200 would apply here. As OFAC informally advised Underwriters, to determine whether FAQ 1200 applies in this case would require a "tremendous" amount of documentation and additional information that is not presently before this Court. (Rec. Doc. 31-3, at 3).

Even if FAQ 1200 did apply, its application would not necessarily permit Underwriters to pay ZAH's claim. OFAC goes on to say that insurers can only pay said claims if "the payment is not prohibited by other sanctions regulations," and the Court has already identified a certain prohibition that may apply in this case. Finding these genuine issues of material fact, the Court must deny summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 23)** is **DENIED**.

New Orleans, Louisiana, this 15th day of July, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE